My name is David Foyer. I am appearing on behalf of Giuseppe Camaci, the petitioner of this Workers' Compensation claim. The facts, keeping them short, are that he was on a scaffold and the cable broke and he dropped some distance, a short distance. The distance that he dropped is not known. Is that important? Yes. Respondent, my opponent, makes it very important in the case, so yes. I would say that the distance he dropped is not important at all. And the doctors who testified for the claimant said that the distance he dropped is not important at all. The arbitrator felt that the discrepancy in the history as to how far the scaffold dropped is a defect that the petitioner cannot overcome, and therefore there must be a conclusion that there was no accident. My argument is that the arbitrator's finding of no accident is clearly against the manifest way of the evidence and clearly contrary to law. The petitioner was in the course of his employment. That's undisputed. He was working. He was standing on the scaffold. The risk of harm that a scaffold would fall was the risk that he took as an employee. So the risk of harm is arising out of the activities. And the cable did break and the scaffold did fall a short distance. That's an accident. Well, did the arbitrator, you indicated, determine that he failed to prove an accident or that he failed to prove he sustained a compensable accident? There's two different – accident versus compensable accident are two different things. I'm sorry. I don't understand your question. Well, could you not have an accident that everyone agrees on, but it not be a compensable accident under other conditions? No, because the term accident in workers' compensation is a legal term of art. An accident means a compensable accident. Otherwise, it's simply referred to as an event or an incident, a fall, an injury. But the finding of accident means the finding of a compensable accident. That's the terminology. We're then parsing semantics. Yes. Is it impossible for the arbitrator to believe that he fell a certain distance and yet did not sustain his burden of proving that there's a compensation award forthcoming? You see, the arbitrator's decision is causing the confusion you have. The arbitrator is mixing two different issues, the issue of accident and the issue of causal connection. It may well be that the trier of fact could find that there is no causal connection between my client's disability and the events that happened on that day. Exactly. However, the analysis needs to be step by step. If you find that there is no accident, the question of causal connection doesn't exist. You can't have a causal connection to an accident that didn't happen. On page 14 of the arbitrator's decision, it indicates, consequently the arbitrator finds the petitioner has failed to sustain the burden of proving causal connection. Yes, the arbitrator goes at great lengths to analyze the testimony of the various witnesses, most of them medical, and does come to the conclusion that there was no causal connection. And it could be that the commission, if you remanded this case back, it could be that the commission would find that there is no causal connection, notwithstanding the fact that there's an accident. I'm asking you to remand this case to the Workers' Comp Commission with the instructions that they find that an accident occurred and then issue a decision consistent with that finding. Well, on what basis would we make that finding? This case is here before us, counsel, on whether or not the decision of the commission is against the manifest weight of the evidence. That's the first hurdle you're talking about. And the decision of the commission on the issue of accident is clearly against the manifest weight of the evidence. The alternative finding is illogical. Based upon what? His testimony? Well, no, based upon the simple facts. The fact is he was an employee in doing his job. The fact is that the risk of harm was consistent with his activities. It's undisputed that the cable broke and that the scaffold fell. That's an accident. Something happened to this man. He experienced a change. There was a drop. Now, the rest is contested. He went to the hospital that same day. He was found not to be a credible witness, for one thing. I agree with you. It's embarrassing to me, but my client was not a credible witness. He rambled on. He gave inconsistent statements. He gave inconsistent histories. That doesn't change the fact that there are some facts that are agreed upon. And those facts clearly show that an event happened, which is called an accident under workers' comp law. And it is completely consistent with that that the commission might then find that medically there is not a causal connection between the accident. But I want the commission to come to – I want the commission to be confronted with the task of saying there is an accident. Now let's determine causal connection. They didn't do that. Well, no, because if the finding is first there is no accident, then it's axiomatic that there is no causal connection. Well, counsel, you wear the law that says this court can affirm the commission on any basis, even if they use the wrong analysis. Are you aware of that? Sure. But I'm asking you to require the commission to be accurate and precise and make decisions that are consistent. A finding of no accident as the first statement in the arbitrator's decision is simply wrong. And when we consider manifest weight of evidence, I want you to consider one other aspect to it that I think nobody mentions. It is absolutely required that a decision of the court has to be based on a preponderance of the evidence. The arbitrator's decision has to be based on a preponderance of evidence. So when one – What did the arbitrator mean when he said the petitioner's subjective complaints are not substantiated by medical facts or findings on objective tests that he gave numerous histories of treating physicians, inconsistent statements, Social Security benefits applications, conflicting testimony regarding prior car accidents, and workers' compensation claims? Is that important? It's not important to the finding of accident. It's very important to the finding of causal connection. And I'm only asking you to remand this on the issue of accident, that it's simply not correct to say that no accident took place. It might be correct to say that there is no causal connection, but we haven't properly gotten to that issue until we have a finding of accident. But they found no causal connection. Yes, but that was an improper finding. Why? Well, because of a judicial economy. Well, what are they talking about, judicial economy? They decided two things. They decided there was no accident, and they decided there's no causal connection between what happened to him on that day and his condition. They found him to be a malingerer. His own doctor, even Stanlow, said he exaggerates, although they found him not credible because he was outside of his field, and they made a specific finding, that this guy did not have upper cervical cord or brain stem injury on October the 8th, 1998. He didn't suffer from it. That didn't happen. Well, that comes improperly from a finding of no accident. Well, no. They just claimed they didn't prove it and then went on to enter the other finding. It occurs to me they have every right in the world to do it because they can get informed on the second issue even if they were wrong on the first. If you have an accident but there's no causal connection between that accident and the malady from which you allege you suffer, you collect nothing. And that's exactly what this arbitrator found. Petitioner failed to sustain the burden of proving an accident. And then he turns around and fails to sustain the burden that his current condition of ill-being is directly related to his claimed injury. Petitioner's testimony regarding the description of the accident is implausible. Well, then I will get into the causal connection argument briefly. The Court is wrong, meaning the Workers' Comp Commission was wrong, in my opinion, in finding that there's no causal connection. The simple facts are that this gentleman was working every day until this event happened. The cable broke, and that afternoon he went to the hospital, and he has been greatly disabled ever since. He was admitted to the hospital that day and stayed 14 days in the hospital, and he's walked as a cripple ever since then. What about the witnesses? It would be just an amazing coincidence. What about the witnesses they introduced that said he walked the same after the accident as he did before? Utter nonsense, because we had witnesses to say that he walked quite differently. It's a who said, she said. The doctors are the ones that have to be looked at. Every single doctor that we deposed, and there are eight of them, including people from the Mayo Clinic, said that the most likely explanation was that this incident, this sudden jarring is what caused the spinal cord injury. Counsel, admittedly, there's medical testimony in the record establishing by some doctors that your client was injured as a result of the incident. Right. On the other hand, you'd have to concede there are other doctors' testimony who believe he was malingering and that the incident did not cause the injury. So as you know, as an experienced attorney in these matters, that it's a credibility issue, which as you also know is within the province of the commission, comes up on appeal. Where is the opposite conclusion clearly drawn? Why can't the commission within the province choose to believe certain doctors and not others? Why can't they do that? They can't. And that's why my primary argument is that the issue of accident was wrongly determined. And I would suggest to you that if the commission took a second look at the case and said, yes, there was an accident, their analysis on the rest of it might be different. Because the argument about a preexisting condition is treated differently if there's the acceptance that an accident took place. If there's a preexisting condition and no new accident, well, then of course it's a fait accompli that the company wins, the plaintiff loses. So the finding of accident sets up a different approach to the analysis, and therefore the petitioner is entitled to that. Is it important whether he sustained any injury to the real as a result of the accident? Well, that's the next question to be determined. And at least in terms of the chronological. I thought they made it clear that he didn't. Pardon me? I thought they made it clear that he didn't, that he was not credible and they didn't believe. Well, the petitioner's credibility, in my opinion, is not seeing the forest for the trees. It doesn't make any difference if the petitioner is credible here. I know that sounds a little absurd. Well, that sounds awful bad for you to be arguing to us and saying it doesn't make any difference what he's credible about. Right, because the doctor's credibility is the question. There are simple facts here. The simple facts are that he was on a scaffold, something happened. That's an accident. After that, he was hospitalized for several weeks, stayed under medical care forever. Originally, the company viewed this as an accident, accepted it, and paid him. If it looks like a duck and it quacks like a duck, it is a duck. The company thought he had an accident. They treated it as an accident. It's only later when they hired specialists, two of them, who came up with contrary opinions, one talking about a preexisting injury and the other saying that he really isn't hurt that much at all. So the two experts of the respondent didn't even agree with each other, which sets up a credibility problem on their side. I'm simply saying to you that the Petitioner is entitled to a consistent decision. The decision should be that he did have an accident, and then the Commission should re-approach the question of causal connection. I suggest that their analysis might come out different. Thank you. Counsel, please. May it please the Court. Francis J. Nisipio on behalf of the respondent, Jim Porter Construction. Excuse me. The Petitioner in this case is a fraud, a very eloquent, educated fraud. Nonetheless, he is still a fraud. The case reeks of being a fraud from the inception. He had testimony that he didn't have a car accident prior. He had testimony that he was able to walk perfectly and have no issues, no problems whatsoever. All that testimony was controversial. The Petitioner lied when the truth would do him good. He went to Social Security. He said that he could have a valid cognizant thought, but told everybody else that he couldn't carry on a cognizant thought. He couldn't carry on the train of thought to keep him logical. That's what he said to everybody. When he gets into the arbitration hearing, the things that he put down in Social Security were all wrong. All of a sudden, what he put down himself is wrong. That's insanity. That's fraud in its inception. We have the person who appeared before the arbitrator come before our doctor who indicated he couldn't understand or speak English until he got to the elevator and the doctors heard him speak in English to his wife. We have the person who was our investigator who indicated very clearly not only could he carry on a cognizant thought, he attempted to sell his vehicle to the investigator. Very, very clearly. Spoke English without any problem. Could walk up and down stairs without any difficulty whatsoever. But the facts that appear before this court are the 18 different, excuse me, 11 different histories to 11 different documents. Petitioner's histories went from dropping 1.5 feet to dropping 18.5 feet and falling out of the gondola, which is what they were using to do the bricklaying. Obviously, one of those has to be appropriate, evidently, because that's what he was relying on. But when they asked at arbitration, they're all wrong. Every single history that was brought to his attention was wrong. The credibility of the witnesses is obviously a key consideration in most of these cases, and certainly we all know the law is clear. That is a matter for the commission to determine, the credibility of the witnesses and the weight to be given to the testimony. What do you make of opposing counsel's argument, though, that the commission apparently should have, as a matter of law, made a finding of an accident first before they got to cause of connection, and since they didn't, the whole decision is flawed? What do you make of that argument? Absolutely not. The honest truth is the way Justice Hoffman put it. You can have an incident or an accident without having a direct causal connection to an ongoing condition of ill-being. It makes absolutely no difference, one way or the other, if they found an accident or not. But in this particular case, he found no accident. He found no accident based on our expert, excuse me, that clearly indicated that the fall in the middle where the cable was broken would fall at the most nine and three-quarters inches. Where the petitioner was situated on the ends of the gondola, it couldn't fall that far. Our expert was very clear. Our expert was probably one of the best I've ever seen in my whole history of practice of law. Well, I want to get metaphysical here. We have to start with defining what an accident is. Okay? It's something out of the ordinary. So I guess where I think the opposing counsel is going, it probably isn't really relevant for the determination whether it was an accident, whether it fell a foot and a half or nine inches. The point is it fell out of normalcy, that it was not. I mean, I'm just hypothetical. I think that's where it's going. Okay. Okay. So that there was an incident. Is the incident an accident? Well, okay. But there was an incident. I would agree. And he's taking the position that it's just against the manifest way of the evidence for the commission to say there was no incident. I don't think, I'm not quite certain that that's what they said. Okay. I'm trying to understand what his position is. Okay. And he's saying that, well, you've got to go A first before you can go to B for causation. And then he's saying that, which is kind of intriguing, that a witness's outlandish, that you might call it outlandish, incredulity, lack of credibility, can't even mess up a doctor's opinion. And so that, granted that he is totally incredible as to his, as to how this occurred or whatever, but there's a doctor's opinion that he has a condition, I guess, that's what we're hearing, and that we have credible doctors saying he has a condition, that we don't care about his credibility. I think that's what I heard. I think in response to your question, I don't necessarily agree with opposing counsel, that every accident directly relates to an injury. I don't believe that's accurate. Well, that's why we have in the course of and arising out of. And I think that's what's being lost here. When the commission says, was there an accident, what does accident mean? It means an event arising out of and in the scope of the informant that results in an injury. It doesn't mean just an event. It has to result in an injury. Then you've got a second question as to whether the current condition of ill-being is related to that event. So in this particular case, they said there's no, no, he failed to prove that he had an accident, to my understanding, meaning that an event occurred arising out of and in the scope of his employment that resulted in his injury. Because they found nothing happened to this man. Nothing happened. They found what? They found that nothing happened to this man. Correct. So if nothing happens to you, that's not an accident within the meaning of the Workers' Compensation Act. I think. If no injury is sustained by you, you've not suffered an accident within the meaning of the Act. I think you can have injuries without, I mean, excuse me, you can have accidents without having injuries. Oh, I don't think you can. I don't know. I think you can have an event. I'm not going to. You can have an event that doesn't result in an injury. I can't start semantics with you, but I know there's accidents that have occurred on thousands of occasions. The question becomes are you using the word accident in its general sense, or are you using the word accident as it's meant within the Workers' Compensation Act? In the Workers' Compensation Act, I think to have an accident, it must be coupled with an injury that arises out of it in the scope of the Act. Absent the injury, it's just an event. I would agree. You know, it may fall under a general statement of accident. I think what, in response to your questions, I believe they failed to find accident because the petitioner's testimony regarding the event, whatever the event was, was just not credible. They couldn't find injuries. But except, except I, it doesn't, I think you conceded, you said, we got people who said it fell nine and a half inches, not one foot. No, I said, our expert indicated that at most it could have fallen. At most. Nine and three quarters inches. At most. On the very end, it was something significantly less. Okay. But even the petitioner didn't prove how much it had fallen. That's why they didn't. Or whether it had fallen. I'm sorry? Or whether it had fallen. Because it's not a question of how much it fell, it's whether it fell. And you got an expert, you got an expert who said, if it fell. If it fell, the most it could ever fall was nine and three quarters inches. That was at the center where the cable broke. And if you look at our expert's testimony, he says that is significantly less on the far ends because they're still supported by cables coming down on the far ends. Well. So the way he explained it, it's like a ripple effect. There's no accident. The petitioner was not credible in terms of how the accident happened. That's why they found no accident. This is a truly case that the respondent proved this case beyond a reasonable doubt. It's not a preponderance of an evidence case. This is beyond a reasonable doubt. And I would strongly suggest that the decision of the arbitrator, of the commission, and of the circuit court, all are correct and accurate and should be affirmed in their entirety. Thank you. Thank you. Rebuttal. Pardon me? I don't know what you said, but I rebuttal. No, you have a right to rebuttal. Thank you, Your Honor. I'll keep it short and simple. I do agree with the analysis coming from the bench. You are understanding me. I am arguing that an accident took place. I am arguing that an injury is not part of an accident, that that's the next question. Well, but Justice Hoffman is saying, you know, we have the general concept of accident, which is an incident out of the ordinary normal. So I don't know. I could go to Webster's and look it up. But under the Act, accident under the Act is a two-factor. You have an incident and you have an injury. And so that when the commission finds no accident. Right. But in the commission's findings, there is a separate category called nature and extent of the injury. Well, you know, we're talking about. So first there's a finding of accident, and then there's a finding of nature and extent. The nature and extent could be zero, even though there's a finding of accident. There could be a finding. I mean, and there could be. There could be even. They may be wrong on their analysis, if Justice Hoffman is correct, that maybe that really refers to current state of ill-being. There are multiple ways to look at it, but the arbitrator's decision in its first sentence just flies in the face of logic. It's just wrong to say the arbitrator finds the petitioner's failed to prove his burden of proving that an accident occurred on October 8th of 1998. If he would have said compensable accident, you would have understood. Yes, perhaps. But he didn't say. But that's the difference. He didn't. Okay. I'll accept that. That's right. Thank you. Thank you, counsel. The court will take the matter under advisement for dis-